UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re:<br>Priscilla Annette Andrews (xxx-xx-6075)<br>12026 Wade<br>Detroit, MI 48213<br><br>           Debtors | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 14-46058-mar<br><br>Chapter 13<br><br>Hon. Mark A. Randon |
| Michigan Unemployment Insurance Agency<br><br>   Creditor-Plaintiff<br><br>-vs-<br><br>Priscilla Annette Andrews<br><br>   Debtor-Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adv. Proc. No. 15-4724-mbm<br><br>Hon. Mark A. Randon |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 12(b)(6).**

  NOW COMES Defendant, by and through Counsel, and for the reasons stated in the accompanying Brief in Support moves this honorable Court to dismiss Plaintiff's complaint, in whole or in part, for failure to state a claim upon which relief can be granted pursuant to F.R.C.P. § 12(b)(6) as incorporated by F.R.B.P. 7012.

                 Respectfully Submitted,

                 */s/ Brian A. Rookard*
                 Brian A. Rookard (P-69836)
                 Gudeman & Associates, P.C.
                 Attorney for Debtor-Defendant
                 1026 W. 11 Mile Rd.
                 Royal Oak, MI 48067
                 Phone: (248) 546-2800
                 Email: brookard@gudemanlaw.com

Dated: August 13, 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>Priscilla Annette Andrews (xxx-xx-6075)<br>12026 Wade<br>Detroit, MI 48213<br>                         Debtors | Case No: 14-46058-mar<br><br>Chapter 13<br><br>Hon. Mark A. Randon |
| Michigan Unemployment Insurance Agency<br>      Creditor-Plaintiff<br>-vs-<br>Priscilla Annette Andrews<br>      Debtor-Defendant | Adv. Proc. No. 15-4724-mbm<br><br>Hon. Mark A. Randon |

**BRIEF IN SUPPORT OF DEBTOR-DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. 12(b)(6)**

**INTRODUCTION**

Debtor is accused of being overpaid for unemployment benefits from the State of Michigan at a time that she did not qualify for such benefit because she was working. The State of Michigan imposes penalties for the overpayment of unemployment benefits and the penalties amount to $27,605.00 in this case.

Because the penalties imposed by the State of Michigan would fall under 11 U.S.C. § 523(a)(7) in the category of non-compensatory fines, penalties, and forfeitures, and since such debts under § 523(a)(7) are *not* listed as an exception to discharge under 11 U.S.C. § 1328(a)(2), then the penalties assessed against the Debtor are dischargeable in this Chapter 13 case. Consequently, that portion of Plaintiff's claim relating to penalties in the amount of may be discharged and the Court should so determine.

Furthermore, anticipating Plaintiff's argument, Plaintiff may not have the debt discharged under § 523(a)(2) as § 523(a)(7) is the specific statute dealing with noncompensatory governmental fines and

2

penalties. Fundamental canons of statutory construction and the case law require this court to construe the discharge exceptions narrowly against the Plaintiff and liberally in favor of the Defendant. This Court must keep the fines and penalties in the category to which they belong under § 523(a)(7) and thus the penalties must be discharged in this Chapter 13 case.

## STATEMENT OF FACTS

On August 1, 2011, the Plaintiff issued an administrative determination that Debtor had been overpaid on unemployment benefits and found that she had intentionally withheld information regarding her employment in order to obtain such benefits.

The amount of the overpayment of benefits was $6,897.00.

In addition to the overpayment, the Plaintiff imposed administrative fines in the amount of $27,588.00 pursuant to M.C.L. § 421.54(b).

On April 17, 2015, Debtor filed for Chapter 13 bankruptcy relief.

On July 23, 2015, the Michigan Unemployment Insurance Agency filed a proof of claim (claim # 5) in the total amount of $31,812.26. Although the amount is not broken down in the claim, Plaintiff's Complaint breaks down the amount as follows:

| | |
|---|---|
| Restitution | $2,124.16 |
| Unpaid interest | $2,083.10 |
| Penalties | $27,605.00 |

The Debtor believes that the penalty portion of Plaintiff's claim is dischargeable in this case as a matter of law and involves only legal issues that this Court can rule on without the need for full factual development at this early stage.

## STANDARD OF REVIEW

Fed. R. Civ. P. 8(a)(2), incorporated by Fed. R. Bankr. P. 7008(a), requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The purpose of this pleading standard is "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

quotation marks and citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). In deciding a motion to dismiss for failure to state a claim upon which relief may be granted, "[t]he court must construe the complaint in the light most favorable to the plaintiff, [and] accept all the factual allegations as true . . . . A court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001) (citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556 (internal quotation marks and citation omitted).

In Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009), the Sixth Circuit summarized the standard for evaluating a Rule 12(b)(6) motion:

> In Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 1974, 1965 (2007), the Supreme Court said that . . . to survive a motion to dismiss a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than a "formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level."

Bare assertions, made upon information and belief, are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (stating that "Rule 8 . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant unlawfully-harmed me accusation'") (citing *Twombly*, 550 U.S. at 555).

4

# ARGUMENT

## A. *Introduction*

The Plaintiff's claim for penalties squarely fall within the definition of 11 U.S.C. § 523(a)(7) and consequently they are dischargeable in this Chapter 13 case. 11 U.S.C. § 1328(a)(2) lists those nondischargeability provisions of § 523(a) that are applicable in a Chapter 13 case and § 523(a)(7), relating to noncompensatory fines, penalties, and forfeitures payable to a governmental unit, is not listed. Consequently, the penalty portion of Plaintiff's debt is dischargeable in this Chapter 13 case. See *Hardenberg v. Va., DMV (In re Hardenberg)*, 42 F.3d 986 (6th Cir. 1994) (fines and penalties categorized under § 523(a)(7) while nondischargeable in a Chapter 7 case were dischargeable in Chapter 13). That should be the end of the matter with respect to the penalty portion of Plaintiff's claim.

It is believed that Plaintiff will attempt to argue that the penalties can also be declared nondischargeable under § 523(a)(2) and the case of *Cohen v. De La Cruz*, 523 U.S. 213 (1998). However, such an attempted construction goes against the interpretive principles applicable in the bankruptcy context and ignores Congress careful drafting of § 523(a)(7) and the discharge provisions of § 1328(a). Allowing the Plaintiff to characterize its debt under § 523(a)(2) *and* (a)(7) also plays havoc with § 523(c) and the requirement to file an adversary proceeding to determine the dischargeability of debts under § 523(a)(2).

## B. *Plaintiff cannot claim that the penalties it has assessed are nondischargeable under § 523(a)(2) because § 523(a)(7) is the more specific statute governing noncompensatory fines, penalties, and forfeitures and any attempt to categorize such penalties under both sections would do violence to the statutory scheme and differences between Chapter 7 and Chapter 13 that Congress has established.*

### 1. *Introduction and interpretative guidance in nondischargeability proceedings.*

Section 523(a)(2) of the bankruptcy code renders nondischargeable "any debt" for money to the extent that the money was obtained by fraud. In *Cohen*, the Supreme Court held that treble damages awarded under the New Jersey consumer protection act were part of the debt obtained by fraud. By extension then, the penalties in this case would be part of the debt obtained by fraud, and would be nondischargeable, or so the argument might go.

Assuming this is the argument that Plaintiff intends to make by its invocation of *Cohen* in its complaint, the problem with Plaintiff's argument is that it ignores the more *specific* section dealing with noncompensatory penalties owed to the government contained in § 523(a)(7) – which are not dischargeable in a Chapter 7, but *are* dischargeable in a Chapter 13.[1] Plaintiff cannot upset the balance struck by Congress in carefully drafting the exceptions to discharge and the varying applicability of the exceptions in § 523(a) between Chapter 7 and Chapter 13.

When interpreting the discharge provisions of the Bankruptcy Code it is important to remember that "the policies underlying the Bankruptcy Code require that exceptions to discharge be construed strictly against creditors and in favor of a fresh start for honest but unfortunate debtors." *F.C.C. Nat'l Bank v. Cacciatore (In re Cacciatore)*, 209 B.R. 609, 613 (Bankr. E.D.N.Y. 1997); see also *In re Rembert*, 141 F.3d 277, 281 (6th Cir. 1998); *Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir. 1994). *Gleason v. Thaw*, 236 U.S. 558, 562 (1915). Consequently, this Court must construe the provisions of 523(a)(2) and (a)(7) strictly and narrowly against the Plaintiff and liberally in favor of the Debtor.[2]

Additionally, courts must not read the provisions of § 523 so broadly as to render the specific subsections superfluous. *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552 (1990) (refusing to read the term "debt" too narrowly to exclude criminal restitution orders and render § 523(a)(7) superfluous); *Kawaauhau v. Geiger*, 523 U.S. 57, 62 (1998); Cf. *In re Gulevsky*, 362 F.3d 961 (7th Cir., 2004) (collecting cases and noting that § 523(a)(6) cannot be used to circumvent the specific provisions of § 523(a)(2) and render them superfluous).

Furthermore, when determining nondischargeability, the specific statutory provision covering the

---

[1] This is not to suggest that § 523(a)(2) cannot cover punitive damages payable to a *private* entity. Cf. *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 681 (11th Cir. 1993). Indeed, *Cohen* itself dealt with *private* litigants and not a debt payable to the government and is distinguishable on that basis, especially where there is another *specific* statute (§ 523(a)(7)) that deals with the penalties owed to the government, and which section is then specifically treated differently between Chapter 7 and Chapter 13 for the purposes of discharge.

[2] While courts are instructed to construe exceptions to discharge narrowly, the exception that courts make is for domestic support obligations under § 523(a)(5) because of the broad policy favoring the payment of such familial obligations. See *Brunson v. Austin (In re Austin)*, 271 B.R. 97, 105 (Bankr. E.D. Va. 2001) (citing cases).

6

matter will govern over a general statute. *McCrary v. Barrack (In re Barrack)*, 217 B.R. 598, 605 (B.A.P. 9th Cir. 1998).

In this case, where there is a *specific* statute that deals with governmental fines and penalties (§ 523(a)(7)) then this Court must view that provision as the *exclusive* provision dealing with such debt. If this Court were to find that governmental penalties can *also* be determined to be nondischargeable under § 523(a)(2), then this Court effectively renders § 523(a)(7) unnecessary and superfluous.

Limiting the nondischargeability of government penalties to § 523(a)(7) also serves the purpose of cabining the various categories of nondischargeable debts to their appropriate section in § 523(a) and serves the purpose of remaining faithful to the principle that the provisions for nondischargeability be read strictly and narrowly against the creditor and liberally in favor of the debtor's discharge.

2. ***Congress has established the policy that penalties and fines are dischargeable in Chapter 13 and courts cannot override that balance struck by Congress.***

In the case of *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552 (1990) the Supreme Court had to determine whether a restitution order entered as part of a criminal proceeding was dischargeable in a Chapter 13 case. In finding that the debt could be discharged, the Court commented on the balance and differences established by Congress between a Chapter 7 and Chapter 13 discharge:

> "Congress secured a broader discharge for debtors under Chapter 13 than Chapter 7 by extending to Chapter 13 proceedings some, but not all, of § 523(a)'s exceptions to discharge. See 5 Collier on Bankruptcy P1328.01 [1][c] (15th ed. 1986) ('[T]he dischargeability of debts in chapter 13 that are not dischargeable in chapter 7 represents a policy judgment that [it] is preferable for debtors to attempt to pay such debts to the best of their abilities over three years rather than for those debtors to have those debts hanging over their heads indefinitely, perhaps for the rest of their lives') (footnote omitted). Among those exceptions that Congress chose not to extend to Chapter 13 proceedings is § 523(a)(7)'s exception for debts arising from a 'fine, penalty, or forfeiture.' Thus, to construe 'debt' narrowly in this context would be to override the balance Congress struck in crafting the appropriate discharge exceptions for Chapter 7 and Chapter 13 debtors."

*Davenport*, at 562. See also *Hardenberg*.

Thus, when construing § 523(a)(2) and (a)(7), this Court must remember that Congress has made the choice to allow the governmental fines and penalties to be discharged in a Chapter 13. Combined with the need to construe the provisions regarding nondischargeability in favor of the Debtor, then this

7

Court must not allow the government to have its debts made nondischargeable by shifting the debts from § 523(a)(7) to § 523(a)(2) to then render the debt nondischargeable in a Chapter 13.

   3. *§ 523(a)(7) is the section that applies to all noncompensatory governmental fines, penalties, and forfeitures*

The language of § 523(a)(7) makes dischargeable a debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss …." The only penalties not excepted from discharge under § 523(a)(7) are certain tax penalties.

The plain language of § 523(a)(7) does not distinguish between different types of fines or penalties. *Kelly v. Robinson*, 479 U.S. 36, 51 (1986) (§ 523(a)(7) "creates a broad exception for *all* penal sanctions") (emphasis added). Certainly, the statute itself does *not* state that it applies to fines, penalties, and forfeitures *except for* penalties related to fraud. The construction has been that § 523(a)(7) covers *all* penalties owed to the government regardless of the nature of the penalty or how it was assessed.

Furthermore, any attempt to suggest that § 523(a)(7) would not apply to penalties related to fraud must be rejected. In *Davenport* the United States government argued that § 523(a)(7) should be given a limited construction as applying only to civil penalties, and not criminal restitution orders, in order to avoid discharge under Chapter 13. However, the Supreme Court rejected the notion that § 523(a)(7) should be so limited, citing *Kelly* for the proposition that § 523(a)(7) applies to all manner of fines and penalties. *Davenport,* at 561-562. The Supreme Court went on to note that the fact that debts under § 523(a)(7) are dischargeable in a Chapter 13 case was a policy judgment and that the cases "express a deep reluctance to interpret a statutory provision so as to render superfluous other provisions in the same enactment." *Id.*, at 562.

Thus, it is clear that when reading *Kelly* and *Davenport* together that § 523(a)(7) is *the* provision that is *intended* to cover *all* noncompensatory governmental fines and penalties. This is the only way to make sure that the difference in dischargeability of such debts between Chapter 7 and Chapter 13 is maintained.

8

4. *<u>Fines and penalties assessed for fraudulently obtaining unemployment benefits are typically treated under § 523(a)(7)</u>*

When it comes to unemployment compensation and penalties for fraud, the Courts have distinguished between the "overpayment" of unemployment benefits obtained through fraud (holding that such amounts are nondischargeable under § 523(a)(2)) while the penalties assessed by the unemployment agencies have been held to be nondischargeable under § 523(a)(7). See *Sanderson v. Minn. Empl. & Econ. Dev. (In re Sanderson)*, 509 B.R. 206, 211 (Bankr. W.D. Wis. 2014); *In re Adamic*, 291 B.R. 175, 180 (Bankr. D.Colo. 2003) ("[D]ebts for overpayment of unemployment compensation benefits ... may be excepted from a Chapter 7 discharge under 11 U.S.C. § 523(a)(2)(A), and monetary penalties may be excepted under 11 U.S.C. § 523(a)(7)."); *In re Hatcher*, 111 B.R. 696, 700-701 (Bankr. N.D.Ill. 1990) (noting that an overpayment of unemployment benefits is nondischargeable under § 523(a)(2)(A), while the penalty is nondischargeable under § 523(a)(7)); *In re O'Brien*, 110 B.R. 27 (Bankr. D.Colo. 1990) (same). Cf. *In re Hurtado*, 2014 Bankr. LEXIS 4472, 2014 WL 5431321 (Bankr. D.N.J. 2014) (analyzing whether a penalty based on the debtor's failure to maintain workers' compensation insurance is nondischargeable under § 523(a)(7)).

This Court should follow the lead taken by other courts in finding that the unemployment penalties fall within § 523(a)(7) as this is really the only way to reconcile the provisions of § 523(a) and § 1328(a) and stay true to Congress's carefully established statutory scheme. To do otherwise would do violence to that scheme.

   5. *<u>Subsequent changes to § 1328(a) after</u>* **Davenport** *<u>was decided shows that the statutory change were not intended to change the fact that fines and penalties that would fall under § 523(a))7) were not dischargeable in a Chapter 13 case.</u>*

What must also strike this Court is what happened after the *Davenport* decision. After *Davenport* was decided Congress reflected its policy decision by amending § 1328(a)(3) to exclude from discharge "for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime."

These changes to § 1328(a)(3) were discussed in *Hardenberg* where the Sixth Circuit cited the legislative history and noted that *restitution* awarded in criminal proceedings was now nondischargable

9

under § 1328(a) but that "Congress did not amend § 1328(a) to except state criminal fines." *Hardenberg*, at 992. See also *In re Edwards*, 132 B.R. 400, fn. 4 (Bankr. E.D. Ark. 1991) ("the 1990 amendments to Chapter 13 except only debts for restitution and do not mention the government fines covered by 11 U.S.C. § 523(a)(7)" and citing cases). If Congress wanted to exempt *all* fines, penalties, and forfeitures from discharge in a Chapter 13 it had the opportunity to do so when it amended § 1328(a) in 1990 and could have easily simply added § 523(a)(7) to the list in § 1328(a)(2). However, in amending § 1328(a), the Congress added a new paragraph and carefully limited its amendment to a specific form of debt – restitution in a criminal proceeding – but otherwise left the statute alone. Further still, and to prove the point more forcefully, § 1328(a)(2) was amended in 2005 to add § 523(a)(1)(B), (1)(C), (2), (3), and (4) to the list of nondischargeable debts – and fines and penalties under § 523(a)(7) were *still* not added as nondischargeable debts under Chapter 13. Congress has declared its intent that fines, penalties, and forfeitures under § 523(a)(7) are dischargeable in a Chapter 13 and has not changed that position even when it had the opportunity to specifically amend § 1328(a)(2) over the years.

From the foregoing it is evident that Congress has been aware of the nondischargeability of governmental fines and penalties and has only acted to change § 1328(a) to render restitution in criminal proceedings nondischargeable in a Chapter 13. The Court must view this legislative history as supporting a narrow view of the § 523(a)(2) and not allow governmental fines and penalties to be rendered nondischargeable by doing an end run around the statutory structure. § 523(a)(7) is the specific statute dealing with governmental fines and penalties and such debts are dischargeable in this Chapter 13 case.

6. **<u>The fact that the fines are dischargeable under Chapter 13 and affect the penal objectives of the State is not reason to ignore the statutory differences between the Chapter 7 and Chapter 13 discharge.</u>**

The Plaintiff may argue that the great and weighty interests of the state are involved, and therefore the Court should interpret the statutory scheme in favor of the government.

However, this sort of argument was made before the Sixth Circuit in the case of *Hardenberg v. Va., DMV (In re Hardenberg)*, 42 F.3d 986 (6th Cir. 1994) and was rejected, the court looking to the Supreme Court's *Davenport* decision and stating:

10

> Like the Court in *Davenport*, we have not lightly determined that Congress intended to interfere with the States' administration of their criminal justice systems. *Davenport*, 495 U.S. at 564 (citing *Younger v. Harris*, 401 U.S. 37, 46, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971)). We realize that permitting the discharge of state criminal fines under a Chapter 13 proceeding may impair the manner in which state criminal judges fashion appropriate sentences, and it may force state prosecutors to participate in federal bankruptcy proceedings to safeguard state interests. 'Nonetheless, the concerns animating *Younger* cannot justify rewriting the Code to avoid federal intrusion. Where, as here, congressional intent is clear, our sole function is to enforce the statute according to its terms.' *Id*."

*Hardenberg*, at 992-993. See also *Davenport*, at 564.

Furthermore, the fact that the amount of the overpayment is not discharged, while the penalties can be discharged in a Chapter 13 should not concern the court as this dichotomy between Chapter 7 and Chapter 13 occurs in many everyday situations before the Court. The easiest example is in the divorce context where "domestic support obligations" under § 523(a)(5) and property settlements under § 523(a)(15) are both nondischargeable in a Chapter 7; however, in a Chapter 13 case, the property settlements under § 523(a)(15) can be discharged – they are not listed in § 1328(a)(2).

The simple fact of the matter is that Chapter 13 allows for a broader discharge of debts in order to encourage debtors to attempt to pay some portion of their debts back in exchange for that broader discharge. The Court must not allow Creditors to evade the dischargeable category to which a debt belongs and shoehorn their claim into a nondischargeable category.

7. *<u>Interpreting noncompensatory penalties as falling under both 523(a)(2) and (a)(7) would create an absurd result by both requiring, and not requiring, the filing of an adversary proceeding to determine nondischargeability of the same debt.</u>*

Finally, this Court cannot seek to couch the penalties as falling under *either* 523(a)(2) and (a)(7) as this would create a problem under § 523(c). Under § 523(c) an adversary proceeding is required for claims that fall under the fraud exception of § 523(a)(2), (4), and (6). However, an adversary proceeding is *not* required for debts that fall under § 523(a)(7). Since the penalties fall under § 523(a)(7) the State of Michigan is *not* required to file an adversary proceeding. But, if the penalties could also be viewed as falling under § 523(a)(2), then the State of Michigan *is* required to file an adversary proceeding to have the penalties discharged. The same penalties would both require, and not require, the filing of an adversary proceeding to determine their dischargeability. This absurd result should lead the court to cabin

11

the governmental penalties where they belong – under § 523(a)(7) – in order to avoid the inconsistency.

### C. *Conclusion*

The penalty portion of Plaintiff's claim clearly falls under § 523(a)(7) and the penalties in the amount of $27,605.00 are therefore dischargeable in this Chapter 13 case because § 523(a)(7) is not included in § 1328(a)(2).

Furthermore, the penalties cannot be held to be dischargeable under § 523(a)(2) and the Supreme Court's *Cohen* decision. There is a *specific* section dealing with the dischargeability of noncompensatory governmental fines (§ 523(a)(7)) and while such debts are not discharged in a Chapter 7 proceeding, they *are* dischargeable in a Chapter 13. Plaintiff cannot try to force the penalties under the more *general* category of § 523(a)(2) when there is a *specific* statute dealing with the same subject matter. The Supreme Court has indicated that § 523(a)(7) covers *all* governmental fines and penalties. The Supreme Court and the Sixth Circuit have both refused to meddle with the statutory scheme set up by Congress and pleas regarding the supposed hardship on the States have been unavailing in such circumstances. Furthermore, when Congress did act, they did nothing to change § 1328(a) to make fines and penalties nondischargeable in a Chapter 13 case – fines and penalties are still dischargeable in a Chapter 13 case.

This Court must construe the provisions of § 523(a) and § 1328(a) narrowly against the Plaintiff and *liberally* in favor of the Debtor-Defendant. The Court must apply the more specific statute of § 523(a)(7) and keep governmental fines and penalties in the category to which it belongs. Remembering these principles of statutory construction and keeping in mind the prior decisions of the Court, it is clear that Plaintiff cannot use § 523(a)(2) to get around the fact that the fines and penalties assessed against the Debtor are dischargeable in this Chapter 13 case.

WHEREFORE, Debtor-Defendant respectfully requests that this Court find that Plaintiff's Complaint fails to state a claim upon which relief can be granted with respect to the penalty portion of Plaintiff's claim and that such penalties are dischargeable in this Chapter 13 case.

Respectfully Submitted,

                                            */s/ Brian A. Rookard*
                                            Brian A. Rookard (P-69836)
                                            Gudeman & Associates, P.C.
                                            Attorney for Debtor-Defendant
                                            1026 W. 11 Mile Rd.
                                            Royal Oak, MI 48067
                                            Phone: (248) 546-2800
                                            Email:  brookard@gudemanlaw.com
Dated: August 13, 2015

13

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>Priscilla Annette Andrews (xxx-xx-6075)<br>12026 Wade<br>Detroit, MI 48213<br>　　　　　　　　　　　　　Debtors | Case No: 14-46058-mar<br><br>Chapter 13<br><br>Hon. Mark A. Randon |
| Michigan Unemployment Insurance Agency<br><br>　　　Creditor-Plaintiff<br><br>-vs-<br><br>Priscilla Annette Andrews<br><br>　　　Debtor-Defendant | Adv. Proc. No. 15-4724-mbm<br><br>Hon. Mark A. Randon |

### **NOTICE OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 12(b)(6).**

Debtor-Defendant has filed a motion to dismiss the above captioned adversary proceeding for failure to state a claim upon which relief can be granted.. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to enter an order granting Defendant the requested relief, or if you want the Court to consider your view on the Motion, then within (14) days from the date of service of this Notice and Motion, you or your attorney must:

1.　　　File with the Court a written objection or response, explaining your position, at:[3] United States Bankruptcy Court; 211 West Fort Street, Suite 2100; Detroit, MI 48226

If you mail your objection to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

You must also mail a copy to:

Gudeman & Associates, P.C.　　　　　　　Chapter 13 Trustee – Krispen Carroll
26862 Woodward Ave., Suite 103　　　　　719 Griswold, Suite 1100
Royal Oak, MI 48067　　　　　　　　　　Detroit, MI 48226

2.　　　If an objection is timely filed and served, the clerk will schedule a hearing on the Motion to Extend Deadlines and you will be served with notice of the date, time and location of that hearing. **If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought and may enter an order granting that relief.**

---

[3] Response or answer must comply with F.R. Civ.P. 8(b), (c) and (e)

14

Respectfully Submitted,

*/s/ Brian Rookard*
Brian A. Rookard (P-69836)
Gudeman & Associates, P.C.
Attorneys for Debtor-Defendant
26862 Woodward Ave., Suite 103
Royal Oak, MI 48067
Ph: 248-546-2800
brookard@gudemanlaw.com

Dated: August 13, 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>Priscilla Annette Andrews (xxx-xx-6075)<br>12026 Wade<br>Detroit, MI 48213<br>        Debtors | Case No: 14-46058-mar<br><br>Chapter 13<br><br>Hon. Mark A. Randon |
| Michigan Unemployment Insurance Agency<br>   Creditor-Plaintiff<br>-vs-<br>Priscilla Annette Andrews<br>   Debtor-Defendant | Adv. Proc. No. 15-4724-mbm<br><br>Hon. Mark A. Randon |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 12(b)(6).**

  This matter having come before the Court on the Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted, notice of the motion having been served and no response having been filed, or in the alternative a response having been filed and hearing having been held and the Court being fully advised in the premises, now therefore:

  IT IS ORDERED that the Defendant's Motion is granted and the above captioned adversary proceeding is dismissed WITH PREJUDICE.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>Priscilla Annette Andrews (xxx-xx-6075)<br>12026 Wade<br>Detroit, MI 48213<br>                              Debtors | Case No: 14-46058-mar<br><br>Chapter 13<br><br>Hon. Mark A. Randon |
| Michigan Unemployment Insurance Agency<br><br>      Creditor-Plaintiff<br><br>-vs-<br><br>Priscilla Annette Andrews<br><br>      Debtor-Defendant | Adv. Proc. No. 15-4724-mbm<br><br>Hon. Mark A. Randon |

**CERTIFICATE OF SERVICE**

Counsel for Debtor-Defendant certifies that on August 13, 2015, he served a copy of the Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, the Brief in Support, Notice of Motion, Proposed Order, and this Certificate of Service by way of ECF on Plaintiff's Counsel.

Respectfully Submitted,

*/s/ Brian Rookard*
Brian A. Rookard (P-69836)
Gudeman & Associates, P.C.
Attorneys for Debtor-Defendant
26862 Woodward Ave., Suite 103
Royal Oak, MI 48067
Ph: 248-546-2800
brookard@gudemanlaw.com

Dated: August 13, 2015

17