UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Priscilla Annette Andrews,  Case No.: 15-46058
 Chapter 13
    Debtor.  Hon. Mark A. Randon
_____/

Michigan Unemployment Insurance Agency,

    Plaintiff,

v.  Adversary Proceeding
 Case No.: 15-04724

Priscilla Annette Andrews,

    Defendant.
_____/

## ORDER CONDITIONALLY GRANTING
## DEFENDANT'S MOTION TO DISMISS

**I.  INTRODUCTION**

The Michigan Unemployment Insurance Agency ("the Agency") determined that Priscilla Andrews was overpaid $6,897.00 in unemployment benefits because she intentionally failed to report wages from two jobs. After a quadruple-damage statutory penalty and interest were added, the Agency demanded payment of more than $34,000.00; Andrews filed Chapter 13 bankruptcy.

1

The Agency has filed an adversary complaint to determine the dischargeability of the overpayment, penalty, and interest. Andrews' motion to dismiss the penalty portion of the complaint is pending.

A debtor who successfully completes a Chapter 13 bankruptcy receives a broader discharge of debts than she would under Chapter 7. Among the debts dischargeable under Chapter 13, but not Chapter 7, are penalties payable to and for the benefit of a governmental unit. Andrews says the quadruple-damage penalty is, therefore, dischargeable; the Agency claims that under 11 U.S.C. § 523(a)(2)(A), the entire debt, including the penalty, is nondischargeable–if it arises from fraud. Because the Court finds that–in Chapter 13–Congress intended to exclude section 523(a)(7) penalties from "any debt" obtained by fraud under section 523(a)(2)(A), Andrews' motion is **CONDITIONALLY GRANTED**.[1] The quadruple-damage penalty *is* dischargeable.

## II. BACKGROUND

Andrews did not report earnings from two jobs while receiving unemployment benefits. This resulted in an overpayment. After the Agency discovered Andrews' employment income, it demanded $6,897.00 in restitution, and a statutory penalty of $27,588.00.[2] With the goal of discharging the penalty and reorganizing her other debts,

---

[1]Andrews' motion is conditionally granted because she must complete her plan payments to receive a discharge. If Andrews receives a hardship discharge, the penalty is nondischargeable. 11 U.S.C. § 1328(b).

[2]MICH. COMP. LAWS § 421.54(b)(ii).

2

Andrews filed Chapter 13 bankruptcy on April 17, 2015.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Services.*, 510 F.3d 631, 634 (6th Cir. 2007). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### IV. ANALYSIS

"[I]n a Chapter 13 proceeding, a debtor commits to repayment of a portion of his or her financial obligations over a specified period of time (generally three to five years) in exchange for retaining non-exempt assets and receiving a broader discharge of debt than is available under Chapter 7." *Schultz v. United States*, 529 F.3d 343, 346 (6th Cir. 2008). The question before the Court is: for Chapter 13 debtors, is an otherwise

dischargeable section 523(a)(7) penalty nondischargeable if the debt also arises from fraud under section 523(a)(2)(A)? The Court answers "no."

### A. The Meaning of Section 523(a)(7)

In 2005, Congress significantly narrowed the so-called Chapter 13 "super discharge": it revised 11 U.S.C. § 1328(a)(2) to provide that any debt "of the kind specified . . . in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)" is nondischargeable. Importantly, Congress omitted section 523(a)(7) debts from the list.

Section 523(a) lists 19 types of debt that are "not discharged" under specific provisions of the Bankruptcy Code.[3] Subsection (7) addresses *any* debt for a "penalty . . . payable to and for the benefit of a governmental unit, and [] not compensation for actual pecuniary loss[.]" In *McKay v. United States*, the Ninth Circuit cogently explained section 523(a)(7)'s meaning:

> Carefully parsed, the section initially makes nondischargeable a "debt that is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit." Withdrawn from this class, however, are any such fines, penalties, or forfeitures that are "compensation for actual pecuniary loss." These are dischargeable. The double negative, "does not discharge" and " not compensation for actual pecuniary loss," accomplishes this end.

*McKay v. United States*, 957 F.2d 689, 693 (9th Cir. 1992).

---

[3]The Court prefers the clarity of the term "nondischargeable" over "not discharged" or the most confusing terms: "excepted from discharge" and "not subject to discharge." "Not discharged" is used here, to be consistent with the explanatory block quote that follows it.

4

### B. *The Significance of a Debt Omitted from Section 1328(a)*

Penalty debts are nondischargeable under Chapter 7. 11 U.S.C. § 523(a). But, by omitting penalty debts from section 1328(a)(2), Congress intended that they remain dischargeable under Chapter 13–a vestige of the super discharge. On this issue, *Pennsylvania Dep't of Public Welfare v. Davenport*, 495 U.S. 552 (1990), *superseded by statute on other grounds*, is instructive.

In *Davenport*, the debtor (Davenport) pleaded guilty to welfare fraud, and as a condition of her probation, was ordered to make monthly restitution payments. Before completing her payments, Davenport and her husband filed Chapter 13 bankruptcy and listed the restitution obligation as an unsecured debt payable to the Pennsylvania Department of Public Welfare. *Id*. at 556. After Davenport stopped making restitution payments, the probation department initiated a violation proceeding. In response, the Davenports filed an adversary proceeding to have the Bankruptcy Court determine the dischargeability of the restitution obligation. *Id.*

The Bankruptcy Court ruled that the restitution was dischargeable in a Chapter 13. On appeal, and relying heavily on *Kelly v. Robinson*, 479 U.S. 36 (1986), the District Court reversed. The Third Circuit reversed the District Court, and the Pennsylvania Department of Public Welfare appealed to the United States Supreme Court.

In *Kelly*, the United States Supreme Court held that "restitution obligations imposed as conditions of probation in state criminal actions are nondischargeable in proceedings *under Chapter 7* of the Bankruptcy Code," because they fall within the ambit of a fine,

5

penalty or forfeiture under section 523(a)(7). *Davenport*, 495 U.S. at 555 (emphasis added). But Davenport filed Chapter 13 bankruptcy. Recognizing, as here, that Congress chose to omit section 523(a)(7) from the list of nondischargeable debts in Chapter 13, the Supreme Court affirmed the Third Circuit's decision:

> In *Kelly*, the Court examined pre-Code practice and identified a general reluctance "to interpret federal bankruptcy statutes to remit state criminal judgments." This pre-Code practice informed the Court's conclusion that § 523(a)(7) broadly applies to all penal sanctions, including criminal fines. Here, on the other hand, the statutory language plainly reveals Congress' intent not to except restitution orders from discharge in certain Chapter 13 proceedings. This intent is clear from Congress' decision to limit the exceptions to discharge applicable to Chapter 13, § 1328(a), as well as its adoption of the "broadest possible" definition of "debt" in § 101(11).

(Internal citations omitted). The criminal restitution debt was, therefore, held dischargeable.

In response to *Davenport*, Congress acted. It amended the Bankruptcy Code and overruled the Supreme Court's decision: specifically making debts "for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime" nondischargeable. 11 U.S.C. § 1328(a)(3). But while *Davenport* has been superceded by statue, its import remains apt: Congress' decision to omit a debt from section 1328(a) is akin to a clear congressional mandate that the debt remain dischargeable in Chapter 13. *See Hardenberg v. Commonwealth of Virginia, Dep't of Motor Vehicles (In re Hardenberg)*, 42 F.3d 986, 992 (6th Cir. 1994) ("[W]e believe that Congress . . . has indicated that state criminal fines are 'debts,' which cannot be discharged in a Chapter 7 proceeding, pursuant to 11 U.S.C. § 523(a)(7), but which can be discharged in a Chapter

13 proceeding, pursuant to 11 U.S.C. § 1328(a)"). Despite this congressional mandate, the Agency insists that if the penalty also arises from a debtor's fraudulent conduct, section 523(a)(2)(A) trumps section 523(a)(7), and the debt is nondischargeable in Chapter 13.[4] The Court disagrees.

### C. *Cohen v. de la Cruz is Distinguishable*

The Agency relies heavily on *Cohen v. de la Cruz*, 523 U.S. 213 (1998) to support its position. In *Cohen*, the local rental control administrator determined that petitioner was charging rent for one of his residential properties above the levels permitted by the rent control ordinance. As a result, the petitioner was ordered to refund the tenants' money. He refused, and filed Chapter 7 bankruptcy. *Id.* at 215. The tenants filed an adversary proceeding, arguing that the debt was nondischargeable because it arose from rent payments obtained by actual fraud. They also requested treble damages and attorney's fees, which the Bankruptcy Court granted. *Id.* The District Court and Third Circuit affirmed.

The United States Supreme Court also affirmed. In reaching its decision, the court rejected the petitioner's argument that any "'debt for' money, property, or services obtained by fraud is necessarily limited to the value of the money, property, or services received by the debtor." *Id.* at 219. Instead, the court concluded that, in the absence of

---

[4]The Agency also makes this argument against the backdrop that exceptions to discharge are to be strictly construed against creditors. *Rembert v. AT&T, Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998)

clear congressional intent, section 523(a)(2)(A) "bars the discharge of all liability arising from fraud." *Id.* at 221-22.

At first blush, *Cohen* does seem to definitively hold that section 523(a)(2)(A) applies to *all* debt that arises from fraud. But *Cohen* did not involve a penalty owed to a government–a scenario Congress directly addressed in another, more specific, subsection of 523(a)–and omitted from the list of nondischargeable debts in section 1328(a). As discussed above, in section 523(a)(7), Congress expressly distinguished between the dischargeability of penalties and those for compensation for actual pecuniary loss (restitutionary). In dictum, *Cohen* makes this precise point. *Id.* at 222 ("[i]f, as petitioner contends, Congress wished to limit the exception [under 523(a)(2)(A)] to that portion of the debtor's liability representing a restitutionary–as opposed to a compensatory or punitive–recovery for fraud, one would expect Congress to have made unmistakably clear its intent to distinguish among theories of recovery in this manner") (citing 11 U.S.C. § 523(a)(7) ("barring discharge of debts 'for a fine, penalty, or forfeiture payable to . . . a governmental unit,' but only if the debt 'is not compensation for actual pecuniary loss'")). In sum, other than restitutionary penalties and the tax penalties specified in subsections 523(a)(7)(A) and (B), *all* other penalties "payable to and for the benefit of a governmental unit" fall within section 523(a)(7)'s ambit. This includes penalty debts owed to the government and assessed as a result of a debtor's fraudulent conduct–until Congress says otherwise.

The upshot of the reconciliation of sections 523(a)(2)(A) and 523(a)(7) and *Cohen*

is that: (1) for Chapter 7 and 13 debtors, any restitution owed to the government is dischargeable unless subject to another exception, *such as section 523(a)(2)(A)*; and (2) a section 523(a)(7) penalty is nondischargeable under Chapter 7, but dischargeable under Chapter 13–even if the underlying debt was obtained by fraud. This is the best way to harmonize the two sections: being faithful to Congress' intent, without rendering either section superfluous. *See Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 837 ("we are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law.").[5]

### D. *Supportive Decisions from Other Courts*

The vast majority of cases that have addressed the interplay between sections 523(a)(2)(A) and 523(a)(7) also distinguish between the actual overpayment of benefits and the penalty for the overpayment. *See e.g., United States v. Horras (In re Horras)*, 443 B.R. 159 (B.A.P. 8th Cir. 2011) (the bankruptcy court properly granted summary judgment to the government on refund of benefits and penalties imposed against Chapter 7 debtor for fraudulent Medicaid/Medicare billings; the benefit's refund is nondischargeable under section 523(a)(2)(A), the penalty nondischargeable under section 523(a)(7)); *In re Adamic*, 291 B.R. 175, 180 (Bankr. D. Colo. 2003) ("debts for overpayment of

---

[5]Another possible reconciliation would be to find that, while section 523(a)(7) penalties are *generally* dischargeable in Chapter 13, those obtained by fraud are nondischargeable under section 523(a)(2)(A). The Court initially found this reconciliation persuasive. However, absent clear evidence that Congress intended to so limit the dischargeability of penalty debts in Chapter 13, the Court will not read such language into the statute.

9

15-04724-mar    Doc 11    Filed 10/02/15    Entered 10/02/15 17:21:57    Page 9 of 10

employment compensation benefits in Colorado may be excepted from a Chapter 7 discharge under 11 U.S.C. § 523(a)(2)(A), and monetary penalties may be excepted under 11 U.S.C. § 523(a)(7)"); *People v. Hatcher (In re Hatcher)*, 111 B.R. 696, 700-01 (Bankr. N.D. Ill. 1990) (the penalty debt is nondischargeable under section 523(a)(7)); *In re O'Brien*, 110 B.R. 27, 31 (Bankr. D. Colo. 1990) (same).[6]

In Chapter 7 cases, the Agency has also made this very distinction. *See e.g., In re Williams*, Case No. BT 14-01038, 2014 WL 6774252, at *1 (Bankr. W.D. Mich. Nov. 26, 2014) ("The [Agency] further alleges that the debt for restitution and interest is nondischargeable under § 523(a)(2)(A) because the Debtor obtained the overpayments by fraud, and that the statutory penalties are nondischargeable under § 523(a)(7) as penalties payable to a governmental unit.").

## V. CONCLUSION

The Court **CONDITIONALLY GRANTS** Andrews' motion to dismiss: the penalty assessed by the Agency may be discharged if Andrews: (1) does not receive a hardship discharge; and (2) completes all of her plan payments.

**IT IS ORDERED**.

**Signed on October 2, 2015**  /s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge

---

[6]The opposite is true in Chapter 13: the penalty debt is dischargeable; only the restitution is nondischargeable under section 523(a)(2)(A).